IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN EGLSEDER, #468248, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 21-cv-00159-JPG |
| ) | |
| RICHARD WATSON, ) | |
| TRINITY SERVICE GROUP, ) | |
| and DAVID MARCOWITZ, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. Plaintiff John Eglseder joined with 12 other inmates in the St. Clair County Jail ("the Jail") to file this civil rights action in February 2021, claiming unconstitutional conditions of confinement. *See Brown v. Watson*, Case No. 21-cv-138-JPG (S.D. Ill. filed Feb. 9, 2021). This case was severed into a separate individual action and the Court determined on April 5, 2021 that four claims survived preliminary merits review under 28 U.S.C. § 1915A. (Doc. 14). Soon thereafter, Plaintiff notified the Court that he had been released from custody. (Doc. 18).

In October 2021, Defendants filed separate motions for summary judgment asserting that Plaintiff failed to exhaust his administrative remedies at the Jail before filing suit. (Docs. 41, 46, 49). Plaintiff was notified that if he failed to respond to these motions, the Court may deem his lack of response to be an admission of the motions' merits and the case could be closed. (Docs. 43, 48, 51). To date, Plaintiff has filed no response to these motions.

On October 7, 2021, Defendant Marcowitz filed a motion to compel Plaintiff to produce his initial disclosures as required in the Court's Initial Scheduling and Discovery Order at Doc. 40,

which had been due by September 3, 2021. (Doc. 52). On October 12, 2021, the Court ordered Plaintiff to show cause, on or before October 26, 2021, why Marcowitz's motion to compel (Doc. 52) should not be granted.[1] (Doc. 53). The Court warned Plaintiff that if he failed to show cause as ordered, sanctions could be imposed including dismissal of this action. (Doc. 53). That order was mailed to Plaintiff's address of record and was not returned as undeliverable. The October 26, 2021, deadline passed long ago. Plaintiff has never responded to the Order to Show Cause or sent any further communication to the Court.

Federal Rule of Civil Procedure 41(b) provides for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" In light of Plaintiff's failure to respond to the four pending motions, the Scheduling and Discovery Order, and the Order to Show Cause, the Court finds that Plaintiff has failed to prosecute his claims and has failed to comply with orders of the Court. For these reasons, this action shall be dismissed with prejudice. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). All pending motions are **DENIED AS MOOT.**

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. (*See* Docs. 5, 9). Therefore, the remainder of the $350.00 filing

---

[1] Notably, the Court had previously warned Plaintiff in the Initial Scheduling and Discovery Order that failure to follow it "may result in sanctions, including dismissal of the case." (Doc. 40, p. 1).

fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal the dismissal of his case, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will incur the obligation to pay the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  5/4/2022**

*s/  J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**